# In the United States Court of Federal Claims

No. 21-2271

Filed: November 30, 2022

|  |  |
|---|---|
| MELVIN JOSEPH SIMMONS, | ) )  ) |
| *Plaintiff*, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| *Defendant*. | ) ) ) |

## ORDER

**MEYERS, Judge**.

     Melvin Joseph Simmons brings this action raising less than clear allegations of fraud, misappropriation, breach of contract, and taking of his property against the United States and various officials. None of these allegations, however, come within this Court's jurisdiction. The tort claims are clearly beyond this Court's jurisdiction, as are the frivolous contract and takings claims. Because this Court lacks jurisdiction over Simmons's complaint, it grants the Government's motion to dismiss.

**I.    Standard of Review**

     "Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S. C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted). If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

When deciding a Rule 12(b)(1) motion to dismiss, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the Plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). And it is well-established that the plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence." *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted). Complaints filed by pro se plaintiffs "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted). However, "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

**II.   Discussion**

Simmons's complaint is difficult to decipher and relatively brief. Due to this lack of clarity, the Court also relies on Simmons's response to the motion to dismiss because it adds some clarity and detail regarding what Simmons is seeking in this litigation. Even with the support of his response, Simmons's complaint fails to raise claims within the jurisdiction of this Court. He seeks to recover for alleged frauds and misappropriation by the Government, an apparent challenge to his criminal conviction, a maritime claim, and claims against various government officials that are all outside this Court's jurisdiction. Simmons also attempts to bring what he claims are breach of contract and Fifth Amendment takings claims, but these too are frivolous.

First, Simmons alleges that there is a "Conspiracy to Defraud" him of certain property. ECF No. 1 at 2 ¶ 8. Although it is not clear what this property was, the fraud allegation does factor prominently in Simmons's response to the motion to dismiss. In fact, Simmons includes as one of the issues before the Court whether this Court has jurisdiction to determine whether the government, acting through specific individuals "fraudulently Assigned Plaintiff's rights, benefits, issues, obligations, persons, money, goods, chattels, lands, tenements, and hereditaments . . . ." ECF No. 12 at 2. Simmons also alleges that:

- "Plaintiff's rightful inheritance [was] misappropriated by actual fraud . . ." ECF No. 12 at 2;

- He was unaware that "Void Instrument ABSTRACT OF JUDGMENT-COMMITMENT DSL 290 CASE NUMBER A917709 Could be used to fraudulently convey plaintiff's rights, ownership and SOCIAL SECURITY FEDERAL OLD AGE, SURVIVORS' AND DISABILITY INSURANCE INVESTMENT BENEFITS." ECF No. 12 at 3;

- His harms are "a result of actual fraud which is a question of fact according to state law . . . ." *Id.*;

- He is "the party alleging actual fraud . . . ." *Id.* at 9;

2

- The United States "transmitted Plaintiff Melvin Joseph Simmons Federal Old-Age Survivors' And Disability Insurance Policy Investment Benefits to Plaintiff Melvin Simmons Jr. Legal Personality MELVIN SIMMONS JR, Without consent, or to the artificial Person SIMMONS MELVIN JR. A917709 through actual fraudulent means with the unauthorized use of the Void Instrument ABSTRACT OF JUDGMENT - COMMITMENT DSL FORM 290 CALIFORNIA SUPERIOR BANKRUPTCY COURT I.D. 19 00 10." *Id.* at 11;

- His "claims are based on transitional facts sounding in fraud where the accrual rule (The doctrine delaying the existence of a claim or right until the plaintiff has discovered it) Is being applied with due diligence of newly discovered facts as to; the void instrument Abstract of Judgment-Commitment Form DSL 290 Case NO.A917709,(See,Cal.Civ.Code,§§§ 53.(a)(b)(c),1598,3412)to form the basis for this cause of action." *Id.* at 16; and

- The Government "Caused . . . the permanently [sic] Taking of JOSEPH from its station and replacing it with the Jr, earmark in anticipation of litigation, intended to defraud plaintiffs of trade-secret [Jr.Curtilage Eclosure Form No. 56.Round Lot], Collateral, personal property, stock, bonds, along with rights of Survivorship." *Id.* at 21.

According to the Tucker Act, 28 U.S.C. § 1491(a)(1), this Court's jurisdiction is limited to claims against the United States for monetary damages "not sounding in tort."  In short, this Court must dismiss tort claims for lack of subject matter jurisdiction, including complaints alleging fraud.  *E.g.*, *Kant v. United States*, 123 Fed. Cl. 614, 616-17 (2015) (collecting cases); *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) ("It is well-settled that the Court of Federal Claims lacks jurisdiction over any and every kind of tort claim.").  Therefore, the Court dismisses the Complaint insofar as it seeks damages for any alleged fraud.

The same is true of Simmons's allegations that the Government has violated his right to privacy and misappropriated his name.  ECF No. 12 at 15 (allegations regarding the "[c]ommon-law right of privacy"), 16 (complaining about the alleged use of his "name, likeness, in the manner of slander, on or in products, merchandise, goods, or for the purpose of advertising or selling, or soliciting purchases or services, without prior consent").  These claims are torts that this Court lacks jurisdiction to adjudicate.  *In re Elster*, 26 F.4th 1328, 1334 (Fed. Cir. 2022) (explaining that the "Restatement (Second) of Torts defines the tort of 'Appropriation of Name or Likeness,' as actionable when a tortfeasor 'appropriates to his own use or benefit the name or likeness of another'" (quoting Restatement (Second) of Torts § 652C (1977))); *Jumah v. United States*, 90 Fed. Cl. 603, 607 (2009) (claims for invasion of privacy are "claims sounding in tort"), *aff'd*, 385 F. App'x 987 (Fed. Cir. 2010); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) ("Plaintiff's claims for . . . invasion of privacy, public disclosure of private facts [and] intrusion upon seclusion, . . . are tort claims.").  These claims must be dismissed as well.

Second, although Simmons states that he is not challenging his criminal conviction, he alleges in the complaint that he is being forced to "involuntarily serv[e] as the deceased personality's name CDC No. D66671 Simmons Melvin Jr. PID # 11482307."  ECF No. 1 at 3 ¶ 14.  The Court can only read this as another challenge to Simmons's conviction by California

3

courts. As an initial matter, this Court lacks jurisdiction over criminal matters. *E.g.*, *Sanders v. United States*, 252 F.3d 1329, 1333-34 (Fed. Cir. 2001). And, as explained in Simmons's prior litigation, this Court lacks jurisdiction to hear a challenge to a state court decision. *Simmons v. United States*, No. 21-921, 2021 WL 2655344, at *2 (Fed. Cl. June 28, 2021). To the extent Simmons's claims allege involuntary servitude under the Thirteenth Amendment, this Court lacks jurisdiction over such claims as well. *E.g.*, *Humphrey v. United States*, 60 F. App'x 292, 295 (Fed. Cir. 2003) (affirming dismissal of claim under the Thirteenth Amendment for lack of jurisdiction).

Third, while Simmons contends that he is a "U.S. Flag Commercial Vessel," ECF No. 12 at 19, this contention is frivolous and, in any event, does not confer jurisdiction. As the Court explained in *Johnson v. United States*, 79 Fed. Cl. 769 (2007), the Court of Federal Claims lacks maritime jurisdiction. And even if this Court did have maritime jurisdiction, Simmons is clearly not a "vessel," which "includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3. And this definition "has remained virtually unchanged from 1873 to the present." *Stewart v. Dutra Constr. Co.*, 543 U.S. 481, 490 (2005). Because Simmons clearly does not fit within this definition, even if the Court had maritime jurisdiction Simmons could not avail himself of it here. *Johnson*, 79 Fed. Cl. at 775.

Fourth, Simmons names various government officials as defendants in this action. *See* ECF No. 12 at 1-2. This Court, however, only has jurisdiction over the United States, not its officers or employees. *E.g.*, *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Therefore, the Court must dismiss all claims against every party other than the United States.

Fifth, Simmons alleges that there is a contract with the United States resulting from the issuance of his social security number. *See* ECF No. 12 at 8 (alleging a "[b]reach of Plaintiffs' express contract with the USA Department of Health, Education, and Welfare, Social Security Account number: ***-**-1922" (capitalization altered)); *id*. at 10 (alleging that the Social Security Administration "[f]ailed to live up to [its] fiduciary duty owed to Plaintiffs . . . , to his proud parents [and] to his baby brother."). When a plaintiff brings a breach of contract claim, "there is a presumption in the civil context that a damages remedy will be available upon the breach of an agreement." *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021) (citations omitted). In all but a few narrow circumstances not relevant here, this presumption satisfies the requirement for a money-mandating source of law. *Id*. In other words, the "general rule" is that "if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the [Court of Federal Claims] to decide whether the claim has merit." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021). But, as with most general rules, there is an "exception . . . when the plaintiff's allegations are frivolous . . . ." *Id.* Simmons's contract allegations are frivolous.

For there to be a contract with the United States, there must be "mutual intent to contract including an offer and acceptance, consideration, and a Government representative who had actual authority to bind the Government." *California Fed. Bank, FSB v. United States*, 245 F.3d 1342, 1346 (Fed. Cir. 2001). None are present here, nor could they be. The issuance of a social security number does not create a contract with the United States. *E.g.*, *Gravatt v. United States*,

4

100 Fed. Cl. 279, 286 (2011) ("Neither birth certificates nor social security numbers recognize or impose contractual rights, obligations, or duties."). And this Court lacks jurisdiction over claims for social security benefits. *E.g.*, *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[W]e hold that the Claims Court has no jurisdiction under the Tucker Act . . . over claims to social security benefits."); *Arunga v. United States*, 465 F. App'x 966, 967 (Fed. Cir. 2012) (per curiam) (explaining that "[c]hallenges relating to social security benefits 'shall be brought in the district court of the United States for the judicial district in which the plaintiff resides'" (citing 42 U.S.C. § 405(g))). Therefore, Simmons's contract claims are not sufficient to confer jurisdiction in this Court and are dismissed.

Finally, Simmons attempts to allege a compensable taking of his property under the Fifth Amendment. It is wholly unclear from the complaint or Simmons's response to the motion to dismiss what it is that he claims was taken. At various times, Simmons appears to argue that his personhood was taken and that his land (which appears to be his body) was taken. The taking allegations are clearly frivolous in that they assert either that the taken property is Plaintiff, that Plaintiff is "real property," or that removing Plaintiff's middle name Joseph from his prisoner identification and appending "Jr." amounts to a taking:

- "Plaintiff Melvin Joseph Simmons Possesses the legally enforceable property rights to the exclusive occupation of Land MELVIN JOSEPH SIMMONS absolute indicia of title, backed by old age standard gold and silver Federal Reserve Deposits, for residential, agricultural, commercial, industrial, absorption and solvancy [sic] purposes." ECF No. 12 at 4.

- "A compensable taking has occurred not only through the Federal Central Government's physical invasion of Private Property (Form No.56,Curtilage[Jr]), or appropriation of private property(JOSEPH). (see,Lucas,505 U.S. at 1014-15; Loretto v. Teleprompter Manhattan CATV Corp.,458 U.S. 419,427.102 S.Ct. 3164,3171. 73 L.Ed. 2d 868 (1982), also by the Federal Government's regulations which is unduly burdening Plaintiffs' Private Property Interests." *Id.* at 7.

- "When the Defendants' employment of California laws and agents to facilitate the detraction of "JOSEPH" from its Position and Station of occupancy "MELVIN JOSEPH SIMMONS" to: "MELVIN SIMMONS JR" to take away the stick of bundle of rights and all economical benefits and productive use of land." *Id.* at 15.

- "Because it is consistent with the historical compact embodied inside of the Taking Clause, That Title to real estate MELVIN JOSEPH SIMMONS is held subject to the United States Of America(USA DEPARTMENT OF HEALTH,EDUCATION,AND WELFARE,SOCIAL SECURITY ADMINISTRATION)'s subsequent decision to eliminate all rights and social economically Beneficial use, through an invasion of private property and right of family integrity." *Id.* at 12.

- "For Public uses, Denied Plaintiffs Melvin Joseph Simmons as owner all economically beneficial and productive use, possession or enjoyment in and over

> His Section of Land Plaintiff MELVIN JOSEPH SIMMONS, effects the taking." *Id.* at 14.

Simmons's claims that his incarceration effected a taking are similarly frivolous. These allegations include the following statements:

- "While this taking occurred as a result of the USA Central Federal Government DEPARTMENT OF HEALTH,EDUCATION,AND WELFARE, physical invasion right of privacy or the USA SOCIAL SECURITY ADMINISTRATION'S Confiscation of this Plaintiff Melvin Joseph Simmons freedom of the city." ECF No. 12 at 6.

- "By physical invasion of airspace, or all-the-estate-clause, or all substantial [sic] rights is ripe for determination whether Defendants' imposition of involuntary servitude upon private property amount to a Taking requiring mandatory payment of just compensation." *Id.* at 15.

But Simmons 's incarceration (i.e., taking of his "freedom of the city" and "involuntary servitude") does not result in a taking. Simmons's attempt to repackage his challenge to his conviction as a takings claim is frivolous and insufficient to establish jurisdiction in this Court. Further, Simmons's allegations make clear that he bases his entire taking theory on the premise that the Government acted unlawfully:

- "Plaintiffs' Rightful inheritance Misappropriated by actual fraud, de facto taking, or invasion of private property." *Id.*

- "As a result of actual fraud which is a question of fact according to state law (See Cal. Civ. Code §§ 1572,1574,1575) when the Federal Government puts into play a series of events which result in a taking of private property the fact that the Federal Government acts through a state agent does not absolve it from the responsibility and consequences of its actions." *Id.* at 3.

- "Contrary to Defendants' legal or moral obligation imposed upon them through operation of law (42 uses§§ 405b,407). The paradigmatic taking from Plaintiffs' economic unit (MELVIN JOSEPH SIMMONS) reasonable use and enjoyment by direct Federal Government appropriation or physical invasion of private property requiring just compensation." *Id.* at 6.

- "And Defendants' Failure to act as the law obligated Defendants to act, Deprived, Plaintiff Melvin Joseph Simmons of all "economically viable use" of Plaintiffs' Property and therefore effected a "Taking" under the Fifth and Fourteenth Amendments that which requires the payment of just compensation." *Id.* at 12.

- "And the taking of real security [Jr] collateral from within its curtilage Form No.56. To take away a person's "freedom" through unjust convictions (see,Edwards v. Vannoy,397 U.S.362,142 S.Ct.1547,1577,1578(2021) Is merely incidental to the takings and Defendants' imposition of navigational servitude on

> a marina created and rendered navigable at private and personal expense, amount to takings through confiscatory regulations, i.g., that Deprived plaintiffs from all economically beneficial use of land and interfered with private ownership rights." *Id.* at 17.

But "for the Court to possess jurisdiction over a takings claim, the 'claimant must concede the validity of the government action which is the basis of the taking claim.'" *Jackson v. United States*, 143 Fed. Cl. 242, 247 (2019) (quoting *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802-03 (Fed. Cir. 1993)).  Therefore, the Court lacks jurisdiction to the extent Simmons is bringing a taking claim under the Fifth Amendment.

There is no claim in the complaint that falls within this Court's jurisdiction.

Conclusion

For the reasons stated above, the Court GRANTS the United States' motion to dismiss, ECF No. 8.  The Clerk is directed to enter judgment accordingly.

No costs.

IT IS SO ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge